Garry, J.
(dissenting). I respectfully dissent. The uninsured employer alleged that there was no employment relationship with claimant, but refused to offer evidentiary proof to support this allegation and, thereafter, failed to exercise the right to seek review by the Workers’ Compensation Board pursuant to Workers’ Compensation Law § 23. As a result, this Court has a strictly limited power of review in this matter. Considering the circumstances, I find the denial of the employer’s application to rehear or reopen this claim “in the interest of justice” entirely proper and rational (12 NYCRR 300.14 [a] [3]), and I would not disturb the Board’s discretionary determination (see Matter of Taylor v Raleigh Hotel, 35 AD3d 1053, 1054 [2006], lv dismissed 9 NY3d 908 [2007]).
In May 2012, claimant testified at a hearing, with the aid of a translator. He clearly identified one of the employer’s owners as the man who hired him, directly supervised him, and drove him to work each day, even describing the make and model of the vehicle that the employer’s owner drove. Claimant described the circumstances of his employment and his injury, and was cross-examined by counsel for both the alleged employer and the Uninsured Employers Fund. The employer witness who had been so identified then testified, and denied having ever seen claimant. In light of this sharp dispute, the Workers’ Compensation Law Judge (hereinafter WCLJ) gave a firm warning to the parties regarding the penalties for fraud; he warned that lying under oath constituted a felony, and that he would therefore ultimately refer the matter for prosecution after hearing the *1364 witness testimony and making a credibility determination. The parties then specifically discussed the further witnesses that the employer would produce at the next hearing relative to this critical factual dispute.
Nevertheless, at the next scheduled hearing date, in July 2012, the employer did not produce its witnesses, but raised the issue of the inconsistencies in claimant’s medical records. The medical records at issue were available to counsel and in the Board file. Critically, and contrary to the conclusion of the majority, the record reveals that the WCLJ properly allowed counsel to develop these issues by means of claimant’s further sworn testimony (compare Matter of Emanatian v Saratoga Springs Cent. School Dist., 8 AD3d 773, 774 [2004]). At the conclusion of the July 2012 proceeding, the parties again scheduled and specifically discussed the need for a further hearing date for the purpose of testimony by the several witnesses on behalf of the employer, who were expected to controvert claimant’s testimony as to his employment.
At the next scheduled hearing date, in September 2012, the employer’s counsel expressly refused to allow its witnesses to testify when the WCLJ attempted to proceed with their testimony. The WCLJ then closed the hearing and rendered a determination upon the issue of employment in favor of claimant. In so holding, the WCLJ found claimant’s detailed testimony to be more credible than the cursory statements of the employer’s sole witness.
In my view, the majority has erred by overlooking two essential factors upon review; the employer first chose not to proffer credible evidence on the central factual issue in this case and, thereafter, set forth no new evidence on this dispositive issue upon the application for a rehearing (see Matter of Taylor v Raleigh Hotel, 35 AD3d at 1054; Matter of Harris v Phoenix Cent. School Dist., 28 AD3d 1051, 1052 [2006]). These two factors alone warrant affirmance. Moreover, having been allowed a full opportunity to litigate the issue before the WCLJ, the employer failed to seek review pursuant to Workers’ Compensation Law § 23, resulting in a very narrow right to seek any further relief before this Court; the employer cannot now be heard to challenge the merits of the WCLJ’s decision (see Matter of Burris v Olcott, 95 AD3d 1522, 1523 [2012]). It must be emphasized that the issue that the employer asserts relative to the medical records was not brought up for Board review, and this matter is now before us on a very limited application. Upon the record presented, I cannot find that the employer’s rights were not fully and duly protected. I thus find no abuse of the *1365 Board’s discretion in refusing to reopen the case (see Matter of Harris v Phoenix Cent. School Dist., 28 AD3d at 1052). Accordingly, I would affirm.
Ordered that the decision is reversed, without costs, and matter remitted to the Workers’ Compensation Board for further proceedings not inconsistent with this Court’s determination.